PROB 12C
(6/16)

Report Date:  February 12, 2019

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 12, 2019

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Jacquelyn Marie Walker          Case Number: 0980 2:18CR00080-LRS-1

Address of Offender: ███████████   Spokane, WA 99201

Name of Sentencing Judicial Officer:  The Honorable Lonny R. Suko, Senior U.S. District Judge

Date of Original Sentence: January 16, 2019

Original Offense:          Bank Theft, 18 U.S.C. § 2113(b)

Original Sentence:     Probation - 60 months          Type of Supervision: Probation

Asst. U.S. Attorney:   Daniel Hugo Fruchter          Date Supervision Commenced: January 16, 2019

Defense Attorney:      Federal Defenders Office      Date Supervision Expires: January 15, 2024

### PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **Standard Condition #12**: You must follow the instructions of the probation officer related to the conditions of supervision. |

**Supporting Evidence**: On January 31, 2019, Jacquelyn Walker failed to report to the U.S. Probation Office for urinalysis testing as instructed.

On January 30, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Ms. Walker, as outlined in the judgment and sentence.  She signed the judgment acknowledging the requirements.

On January 30, 2019, the offender reported to the U.S. Probation Office for her intake with the undersigned officer.  The intake was originally scheduled for that morning, however, due to a conflict with work, Ms. Walker was unable to report until 4 p.m.  Following the intake, the offender attempted to provide a urine sample but claimed she was unable to provide.  She was subsequently instructed to report to the U.S. Probation Office for urinalysis testing on January 31, 2019.

On February 1, 2019, this officer became aware that Ms. Walker failed to report for urinalysis testing as instructed on January 31, 2019.  The offender claimed she misunderstood this officer's instructions, but because the urine sample she eventually provided on February 1, 2019, was presumptively positive for methamphetamine, the undersigned officer believes the offender failed to report for testing in an attempt to elude detection.

Prob12C
**Re: Walker, Jacquelyn Marie**
**February 12, 2019**
**Page 2**

2          **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Supporting Evidence**: On February 1, 2019, Jacquelyn Walker provided a urine sample that tested presumptively positive for methamphetamine.

On January 30, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Ms. Walker, as outlined in the judgment and sentence.  She signed the judgment acknowledging the requirements.

On January 30, 2019, the offender reported to the U.S. Probation Office for her intake with the undersigned officer.  The intake was originally scheduled for that morning, however, due to a conflict with work, Ms. Walker requested to postpone the appointment until 4 p.m. Following the intake, the offender was instructed to submit to urinalysis testing.  Ms. Walker attempted to provide a urine sample, but claimed she was unable to provide.  She was subsequently instructed to report to the U.S. Probation Office for urinalysis testing on January 31, 2019.

On February 1, 2019, this officer was notified that Ms. Walker failed to report as instructed. Later that date, while conducting the offender's initial home inspection, the undersigned officer confronted the offender regarding her failure to report for urinalysis testing on January 31, 2019.  Ms. Walker insisted it was a misunderstanding, stating she was under the impression this officer would collect her urinalysis sample during the scheduled home visit. This officer had a urinalysis test on-hand and offered to collect the sample, but Ms. Walker advised she could not because her pit bull was in the bathroom.  The undersigned officer became suspicious of the offender and she was instructed to report to the U.S. Probation Office by close of business to submit to urinalysis testing.

On February 1, 2019, Ms. Walker reported to the U.S. Probation Office and provided a urine sample that was presumptively positive for methamphetamine.  She neither admitted nor denied the use of methamphetamine at the time, but in a text message to this officer on February 8, 2019, the offender admitted to "doing meth for a couple weeks." The result for the aforementioned specimen is pending at this time.

3          **Standard Condition # 3**: You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

**Supporting Evidence**: On February 11, 2019, Jacquelyn Walker traveled outside of the judicial district where she is authorized to reside without receiving proper authorization.

On January 30, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Ms. Walker, as outlined in the judgment and sentence, including the process for requesting travel and the 60-day assessment period during which travel is typically not authorized.  She signed the judgment acknowledging the requirements.

On February 11, 2019, this officer was scheduled to meet with the offender at 8 a.m.  Just 10 minutes prior to the appointment, Ms. Walker sent the undersigned officer a text message

Prob12C
**Re: Walker, Jacquelyn Marie**
**February 12, 2019**
**Page 3**

advising that she was in Olympia, Washington. She stated in the text message that she had attempted to contact this officer on February 9, 2019, to request authorization to travel, but when she did not receive a response she "made her own decision."

Attempts to contact the client in response to the text message she sent this officer, both via a phone call and text message, have not been answered or responded to.

4      **Standard Condition # 12**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: On February 11, 2019, Jacquelyn Walker failed to report to the U.S. Probation Office for her appointment with the undersigned officer, as instructed.

On January 30, 2019, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Ms. Walker, as outlined in the judgment and sentence. She signed the judgment acknowledging the requirements.

On February 8, 2019, after multiple unsuccessful attempts by this officer to contact the offender via phone and text, Ms. Walker sent this officer a text message advising that she has been using drugs for a couple of weeks. More than 4 hours later, Ms. Walker called the undersigned officer and she was instructed to report to the U.S. Probation Office on February 11, 2019.

On February 11, 2019, Ms. Walker failed to report for her scheduled appointment with this officer.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    02/12/2019

s/Amber M. K. Andrade

Amber M. K. Andrade
U.S. Probation Officer

---

**THE COURT ORDERS**

[ ]    No Action
[X]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    Other

Signature of Judicial Officer

2/12/2019

Date