Amy Rubin
Federal Defenders of Eastern Washington and Idaho
10 N Post Suite 700
Spokane, Washington 99201
Attorney for Jacquelyn M. Walker

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> v. <br><br> JACQUELYN MARIE WALKER, <br><br> DEFENDANT. | No. **2:18-cr-0080-LRS** <br><br> MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE <br><br> Spokane, WA <br><br> July 6, 2021 @ 6:30 p.m. |

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

1

## I.    Introduction

JACQUELYN MARIE WALKER, through counsel, Amy H. Rubin, for the Federal Defenders of Eastern Washington and Idaho, hereby moves this Court for early termination of supervised release. This motion is supported by this memorandum, as well as the court's record and file. Supervision has been beneficial for Ms. Walker; she is dedicated to her personal and professional growth and is determined to be a positive member of society. Supervision has additionally helped to rehabilitate Ms. Walker. She has learned to live a life that does not involved engaging in criminal conduct. For these reasons and reasons discussed below, Ms. Walker asks the Court to terminate her supervision.

## II.    Background

After a wild and unheard of set of circumstances that led to Ms. Walker unwittingly committing bank theft, on January 23, 2019, the Court sentenced her to five years of probation after she plead guilty to one count of bank theft, a violation of 18 U.S.C. § 2113(b). In addition to probation, Ms. Walker was ordered to pay over $91,000 in restitution. Shortly after receiving her sentence, Ms. Walker violated the terms of her probation and was sentenced to six months in custody to be followed by 30 months of supervised release.

Ms. Walker's supervised release term began in June 2019. Since that time, Ms. Walker has been in complete compliance with the terms of her supervision. She has made

significant strides to a better future and has worked diligently to become the women she knows she can be. Ms. Walker has been in contact with the Federal Defenders to assist her in filing a Motion for Early Termination of Supervised Release based on her progress and exemplary performance while on supervision.

### III. Discussion

A district court enjoys "significant discretion" in crafting supervised release conditions. *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006). After one year of supervision, the Court may terminate a defendant's term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. *See* U.S.C. 18 § U.S.C. 3583 (e)(1). When determining whether to terminate a defendant's supervision, the Court should consider, but need not make express findings, as to the seven factors enumerated in 18 U.S.C. § 3553(a). See *U.S. v. Johnson*, 228 F.Supp. 3d 57, 63 (D.D.C. 2017).  Additionally, 18 U.S.C. § 3583(e)(1) was created to allow those who have demonstrated their willingness to abide by the law to be released from supervision, and to allow U.S. Probation to focus their limited resources on those who truly need such supervision. The Court should terminate Ms. Walker's term of supervision, because Ms. Walker has been rehabilitated and supervision is no longer needed. Based on the factors the Court should consider in making its decision, termination of supervision is warranted.

The Supreme Court has recognized that "supervised release fulfills *rehabilitative ends*, distinct from those served by incarceration." *U.S. v. Johnson*, 529 U.S. 53, 59 (2000) (emphasis added).

> [T]he primary goal of [supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period of time in prison for punishment or other purposes but still needs supervision and training programs after release.

*U.S. v. Pugh*, 515 F.3d 1179, 1199 (11 Cir. 2008) (quoting S. Rep. No. 98-225, at 124 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3307) (internal quotations omitted). Ms. Walker has been rehabilitated. The help she has received through supervision and other means has given her the ability to stabilize herself and her life. Through her acceptance of accountability, she has sought and been proactive in taking advantage of the help she has received through supervision. Since she began his term of supervision, Ms. Walker has not had a positive urinalysis test, showing her dedication to a life of sobriety. Moreover, Ms. Walker has not engaged in any new criminal conduct and has worked diligently to maintain a stable life. She has maintained compliance with the terms and conditions imposed by this court. Based on the factors the Court should consider in making its decision, termination of supervision is warranted.

Case 2:18-cr-00080-LRS    ECF No. 95    filed 06/04/21    PageID.263    Page 5 of 8

### a. Ms. Walker's personal goals, hard work ethic, and dedication to her family are indicative of someone who is a contributing member of society with a bright future ahead.

While she was in custody for her probation violation, Ms. Walker completed RDAP, as well as a "Roadmap to Success" program and attended a job fair. Ms. Walker was released into a halfway house for two weeks in Spokane following her release from custody, pending approval of her release address. Since this time, she has also completed intensive outpatient treatment and mental health counseling with Dr. Robert Sheppard. Since her release, Ms. Walker has been completely compliant with the terms of her supervision and has put forth great effort into reintegrating herself into society.

Ms. Walker currently lives with her daughter, son-in-law, and her two granddaughters. Her daughter's family and her other children have remained a support system for Ms. Walker during her supervision. She enjoys spending time with them, and has also picked up some hobbies including arts and crafts, horticulture, and camping.

Though she struggled with unemployment during the pandemic like millions of other Americans, Ms. Walker has since resumed working at Perfection Traffic Control. She has been in this position for about three years now and during this time she has received a $4 raise, illustrating her hard work-ethic and devotion to betting her life.

United States Probation Officer Amber Andrade was contacted on May 3, 2021 and has no objections to this motion. She explained that while she remains neutral and is

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

5

deferring to the Court's judgment, she stated that Ms. Walker recently regained employment, which was affected by the pandemic, and her family is incredibly supportive of her success. Ms. Walker has been working diligently, completed treatment, and continues to succeed while on supervision.

    Ms. Walker's performance on supervision has been exemplary, she has worked and is still working tremendously hard to achieve all of his goals and better herself. Ms. Walker has been rehabilitated into a stable and supportive live, indicating he no longer requires supervision. Her outstanding conduct while on supervision supports early termination based on 18 U.S.C. 3553(a)(2). There is no need for additional supervision, because Ms. Walker has been adequately deterred from future criminal conduct resulting from the time she has served on supervision. Her supervision has successfully allowed her to reflect on the seriousness of her offense and has provided just punishment. Ms. Walker has benefited from the rehabilitative effects which supervised release was designed to provide. The nature and circumstances of the offense and the character and history of Ms. Walker are indicative of someone who has changed his life for the better. She has strong support from her family to ensure that she maintains her upward trajectory to become the woman she knows she can be.  Based on these factors, her exceptional performance on supervision, and the reality of the U.S. Probation's finite resources in supervising individuals, the defense respectfully moves for early termination of Ms. Walker's supervised release in the interest of justice.

MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

### IV. Conclusion

Section 3583(e)(1) was created to allow those who have demonstrated their willingness to abide by the law to be released from supervision, and to allow U.S. Probation to focus their limited resources on those who truly need supervision. Ms. Walker has shown that she is deserving of the consideration contemplated by §3583(e)(1). Accordingly, Ms. Walker would like to petition the Court for early termination of supervised release.

Ms. Walker does not specifically request a hearing on this Motion, but would certainly provide any additional information the Court would request, and is available should the Court determine a hearing is necessary.

Dated: June 4, 2021

Respectfully Submitted,

S/Amy H. Rubin
Amy H. Rubin, GASB #618349
Attorneys for Jacquelyn Walker
Federal Defenders of
Eastern Washington and Idaho
10 N Post Suite 700
Spokane, Washington 99201
(509) 624-7606
(509) 747-3539
Email: Amy_Rubin@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which our office will send notification of such filing to the United States Attorney's Office.

S/Amy H. Rubin
Amy H. Rubin, GASB #618349
Attorneys for Jacquelyn Walker
Federal Defenders of
Eastern Washington and Idaho
10 N Post Suite 700
Spokane, Washington 99201
(509) 624-7606
(509) 747-3539
Email: Amy_Rubin@fd.org
